COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder and McClanahan
Argued at Alexandria, Virginia


SAMUEL LEE ADAMS

MEMORANDUM OPINION[*] BY
v.      Record No. 2304-07-4      CHIEF JUDGE WALTER S. FELTON, JR.
MARCH 17, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Paul Anthony Keats, Assistant Public Defender (Erin J. Ruben,
Assistant Public Defender; Office of the Public Defender, on brief),
for appellant.

Alice T. Armstrong, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following a jury trial, Samuel Lee Adams ("appellant") was convicted of petit larceny,

third or subsequent offense, in violation of Code §§ 18.2-96 and 18.2-104. Consistent with the

jury's verdict, the trial court sentenced him to five years imprisonment. On appeal, appellant

contends the trial court erred during the sentencing phase by admitting a 1995 North Carolina

conviction order without redacting a statement therein that appellant admitted to having "a

problem with crack cocaine." We affirm the judgment of the trial court.[1]

I.

On March 2, 2005, appellant was convicted of petit larceny, third or subsequent offense,

in violation of Code §§ 18.2-96 and 18.2-104. During the sentencing phase of his trial, appellant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On August 27, 2007, we granted appellant's motion for a delayed appeal.

objected to the trial court's admitting Commonwealth's Exhibits 6, 7, and 8. Each of those exhibits included a January 12, 1995 conviction order of the General Court of Justice, Superior Court Division, Eleventh Judicial District of North Carolina (North Carolina Superior Court).[2] Prior to admitting these three exhibits, the trial court removed pages from each containing language extraneous to the convictions themselves.[3]

Appellant continued to object to the 1995 conviction order marked as Commonwealth's Exhibit 8 after the previous extraneous language had been removed, arguing that it continued to contain language that he admitted to having a problem with crack cocaine. The language in Commonwealth's Exhibit 8 to which appellant continued to object read: "the defendant has admitted that he has a problem with crack cocaine and is requesting that the court assist him in combating his problem[.] [C]ourt recommends that the defendant be allowed to participate in any available drug treatment program that the North Carolina Department of Correct [sic] see [sic] fit to place him."

The trial court concluded that language was "inextricably bound up with the sentencing order," and admitted Commonwealth's Exhibit 8. It also admitted for the jury's sentencing consideration, without objection by appellant, conviction orders showing appellant had been previously convicted of felony petit larceny, two grand larceny offenses, destruction of property, two breaking and entering offenses, false imprisonment, two common law robbery offenses, assaulting a penal officer, causing bodily injury, and assault with a deadly weapon inflicting serious injury, and conviction orders reflecting appellant's pleas of guilty to possession of marijuana in 2001, and to possession of cocaine in 2004.

---

[2] Commonwealth's Exhibit 6 was a conviction order of false imprisonment. Commonwealth's Exhibit 7 was a conviction order of common law robbery, and Commonwealth's Exhibit 8 was a conviction order of a second offense of common law robbery.

[3] The omitted language was in the nature of presentencing guideline information.

The jury fixed appellant's sentence at five years imprisonment, the maximum punishment provided by statute for a conviction of petit larceny, third or subsequent offense. The trial court imposed that sentence.

## II.

On appeal, appellant contends the trial court erred in admitting Commonwealth's Exhibit 8 without first redacting the statement that "defendant has admitted that he has a problem with crack cocaine." He contends that as a result of that asserted error, the jury fixed his sentence at a greater punishment than it otherwise would have done. He argues that the inclusion of that statement violated the provisions of Code § 19.2-295.1, as it existed at the time of his trial, as construed by the Supreme Court in Gillespie v. Commonwealth, 272 Va. 753, 636 S.E.2d 430 (2006) (holding only evidence of fact of prior conviction admissible during Commonwealth's case-in-chief at penalty phase of trial of non-capital felony or Class 1 misdemeanor and that trial court must redact information concerning proceedings subsequent to conviction, such as sentence, suspension, probation, or other rehabilitative efforts).[4]

Here, Commonwealth's Exhibit 8 contained more than just the fact of the conviction. However, we conclude from the record on appeal that any error that resulted from its admission was harmless. "In a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' . . . a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001). See also Code § 8.01-678 ("When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on

---

[4] In 2007, after the conclusion of appellant's trial, the General Assembly amended Code § 19.2-295.1 to permit the Commonwealth to present evidence of the punishment imposed for a defendant's prior convictions.

the merits and substantial justice has been reached, no judgment shall be . . . reversed . . . for any error committed on the trial.").

Here, Commonwealth's Exhibits 6 and 7, each admitted into evidence without objection from appellant during the sentencing phase, also contained language pertaining to appellant's drug use. Not only did appellant not object when Commonwealth's Exhibits 6 and 7 were admitted as evidence to be considered by the jury in sentencing, appellant told the trial court that admitting them "would be appropriate." In addition to the fact of appellant's conviction of false imprisonment in 1995, Commonwealth's Exhibit 6 included the following language: "the defendant has admitted to having a cocaine problem and is requesting the Court to assisting [sic] him in combating his problem. Court recommends defendant be allowed to participate in any available drug treatment program that the North Carolina Department of Correction see [sic] fit to place him." Commonwealth's Exhibit 7 contained similar language.

Commonwealth's Exhibit 8, to which appellant objected, stated: "the defendant has admitted that he has a problem with crack cocaine and is requesting that the court assist him in combating his problem[.] [C]ourt recommends that the defendant be allowed to participate in any available drug treatment program that the North Carolina Department of Correct [sic] see [sic] fit to place him."

In addition to failing to object to Commonwealth's Exhibits 6 and 7, appellant interposed no objection to the admissibility of Commonwealth's Exhibits 4 and 11, conviction orders from 2001 and 2004 respectively, showing that he pled guilty to possessing marijuana and cocaine. Additionally, appellant argued to the jury during the sentencing phase that, while he had a "bad record," a record which included two convictions of common law robbery, two convictions of grand larceny, two convictions of breaking and entering, and convictions of felony petit larceny, assaulting a penal officer, causing bodily injury, assault with a deadly weapon inflicting serious

injury, false imprisonment, and destruction of property, it should "not be overwhelmed by the severity of the name of the charge," but that it should "stop and consider the punishment that [appellant] received for those actual charges and reflect on what that says about the facts of those particular cases."

Because appellant interposed no objection to the admissibility of his extensive prior convictions, nor to Commonwealth's Exhibits 4, 6, 7, and 11, each of which also informed the jury of appellant's problems with drug use, the same information he argues the trial court should have redacted from Commonwealth's Exhibit 8, we conclude any error in admitting Exhibit 8 without redaction was harmless error at best. See Clay, 262 Va. at 261, 546 S.E.2d at 732.

For these reasons, we affirm the judgment of the trial court.

Affirmed.